Michael E. Sullivan, Esq. #5142
Michael A. Burke, Esq., #11527
Hannah E. Winston, Esq. #14520
**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, Nevada 89503
Email: msullivan@rssblaw.com
　　　　mburke@rssblaw.com
　　　　hwinston@rssblaw.com
Telephone:　(775) 329-3151
Facsimile:　(775) 329-7169
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE ANNE MAKO, individually,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a foreign Corporation dba COSTCO WHOLESALE #25; DOE EMPLOYEE, an individual; DOES 1-10 does; ROE CORPORATIONS 11-20; and ABC LIMITED LIABILITY COMPANIES 21-30,<br><br>　　　　　　　Defendants.<br>_____ / | Case No.:<br><br>Second Judicial District Court<br>Case No.:　CV20-02105<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S PETITION FOR REMOVAL** |

　　　　Defendant COSTCO WHOLESALE CORPORATION, a Foreign Corporation ("Costco"), by and through its counsel of record, Michael E. Sullivan, Esq., Michael A. Burke, Esq., and Hannah E. Winston, Esq., of the law offices of Robison, Sharp, Sullivan & Brust submits this Petition for Removal of the above-captioned lawsuit entitled <u>LESLIE ANNE MAKO, individually vs. COSTCO WHOLESALE CORPORATION, a Foreign Corporation dba COSTCO WHOLESALE #25; DOE EMPLOYEE, an individual; DOES 1-10, does; ROE CORPORATIONS 11-20; and ABC LIMITED LIABILITY COMPANIES 21-30,</u> Case No. CV20-02105, assigned to DEPT. NO. 6, in the Second Judicial District Court located in Washoe County, Nevada ("State Court") to this Court pursuant to 28 U.S.C.

§§1332(a), 1441, and 1446(b)(3).

## I. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

1. COSTCO was served with a copy of Plaintiff LESLIE ANNE MAKO's ("Plaintiff") State Court Summons and Complaint ("Complaint") on or about December 30, 2020. Thus, this removal is timely because the 30-day period for filing the removal has not passed. 28 U.S.C. §1446(b). Additionally, removal is timely because it is filed within one year from when Plaintiff filed the original complaint in the State Court action on or about December 29, 2020.

2. Pursuant to 28 U.S.C. §1446(a), COSTCO has attached a true and correct copy of the Complaint filed December 29, 2020 as **EXHIBIT "1"**, and a true and correct copy of CT Corporation's Service of Process Transmittal dated December 30, 2020 is attached as **EXHIBIT "2."**

3. COSTCO has provided and served a copy of the Petition for Removal on Plaintiff, LESLIE ANNE MAKO, and will timely file a copy of the Petition for Removal with the Clerk of the Washoe County District Court as required by 28 U.S.C. §1446(d).

4. COSTCO is informed and believes and hereon alleges that no other parties have appeared apart from itself and Plaintiff.

5. Removal from State Court to this Court is proper as this district embraces the place where the action is pending per 28 U.S.C. §1441(a).

## II. BACKGROUND

6. Plaintiff has asserted in her Complaint a single cause of action for Negligence/Res Ipsa Loquitur against all Defendants arising out of an alleged personal injury which occurred in the Reno Costco warehouse. Plaintiff's foot was severely injured and required surgery after a forklift drove over her foot.

## III. COMPLETE DIVERSITY OF CITIZENSHIP AS TO THE PARTIES

7. COSTCO is informed and believes that Plaintiff is a citizen of Nevada.

8. COSTCO is a corporation organized under the laws of the state of Washington and has its principal place of business in the State of Washington.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

## IV. AMOUNT IN CONTROVERSY

9. The amount in controversy in this action purportedly exceeds $75,000. In the instant action, Plaintiff sought unspecified damages in her Complaint for an alleged injury. Counsel for Costco spoke with counsel for Plaintiff, who confirmed that Plaintiff's medical bills had not been completely provided but were expected to be in excess of $75,000 for the hospitalization and surgery(s) of Plaintiff's foot that required partial amputation. *See* **Exhibit "3"** (Declaration of Michael Sullivan, Esq.). Thus, the alleged value of Plaintiff's damages exceeds $75,000, exclusive of costs and interest.

DATED this 19th day of January, 2021.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503

By: /s/ Michael Sullivan
MICHAEL E. SULLIVAN, ESQ.
MICHAEL A. BURKE, ESQ.
HANNAH E. WINSTON, ESQ.
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, and that on this date I caused to be served a true copy of **DEFENDANT COSTCO WHOLESALE CORPORATION'S PETITION FOR REMOVAL** on all parties to this action by the method(s) indicated below:

_____ by placing true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

Brian D. Nettles, Esq.
Christian M. Morris, Esq.
Victoria R. Allen, Esq.
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014

__XX__ by using the Court's CM/ECF Electronic Notification System addressed to:

Brian D. Nettles, Esq.           brian@nettlesmorris.com
Christian M. Morris, Esq.        christian@nettlesmorris.com
Victoria R. Allen, Esq.          victoria@nettlesmorris.com

__XX__ by email addressed to:

Brian D. Nettles, Esq.           brian@nettlesmorris.com
Christian M. Morris, Esq.        christian@nettlesmorris.com
Victoria R. Allen, Esq.          victoria@nettlesmorris.com

_____ by facsimile (fax) addressed to:

Brian D. Nettles, Esq.           (702) 434-1488
Christian M. Morris, Esq.
Victoria R. Allen, Esq.
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014

_____ by Federal Express/UPS or other overnight delivery addressed to:

DATED this 19th day of January, 2021.

_____
Employee of Robison, Sharp, Sullivan & Brust

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LESLIE ANN MAKO

**DEFENDANTS**
COSTCO WHOLESALE CORPORATION, a Foreign Corporation; ABC CORPORATION I-X, inclusive; BLACK & WHITE C

**(b)** County of Residence of First Listed Plaintiff: **WASHOE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Washington**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Victoria Allen, Esq.
NETTLES MORRIS, 1389 Galleria Drive, Suite 200, Henderson, NV 89014, (702) 343-1488

Attorneys *(If Known)*
Michael E. Sullivan, Esq, and Hannah E. Winston, Esq.
Robison, Sharp, Sullivan & Brust, 71 Washington Street
Reno, NV 89503, (775) 329-3151

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1332(a), 1441, and 1446(b)(3)
Brief description of cause:
Personal Injury

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 75,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/19/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## EXHIBIT LIST

| Exhibit # | Description | Pages |
|---|---|---|
| Exhibit "1" | Complaint | 7 |
| Exhibit "2" | CT Corporation's Service of Process Transmittal dated December 30, 2020 | 1 |
| Exhibit "3" | Declaration of Michael E. Sullivan in Support of Costco Wholesale, Inc.'s Petition to Removal | 1 |
| Exhibit "4" | Color copy of photograph depicting Plaintiff's injured foot | 1 |

# EXHIBIT "1"

**EXHIBIT "1"**

FILED
Electronically
CV20-02105
2020-12-29 09:09:06 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 8221586 : csulezic

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
victoria@nettlesmorris.com
*Attorneys for Plaintiff*

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WASHOE**

| | |
|---|---|
| LESLIE ANNE MAKO, an individual, | CASE NO.: <br> DEPT NO.: |
| Plaintiff, | |
| vs. | |
| COSTCO WHOLESALE CORPORATION, a foreign corporation d/b/a COSTCO WHOLESALE # 25; DOE EMPLOYEE, an individual; DOES 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff, LESLIE ANNE MAKO, by and through her counsel, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Victoria R. Allen, Esq. of the law offices of NETTLES MORRIS, and for her causes of action against Defendants above named, complains and alleges as follows:

/ / /

1

## STATEMENT OF JURISDICTION AND VENUE

1. The Second Judicial District Court has jurisdiction over this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the occurrence giving rise to this case took place in Washoe County, Nevada and the amount in controversy exceeds $15,000.00.

## GENERAL ALLEGATIONS

2. Plaintiff LESLIE ANNE MAKO ("Plaintiff") is, and at all relevant times was, an individual residing in Washoe County, Nevada.

3. Upon information and belief, Defendant COSTCO WHOLESALE CORPORATION ("Defendant Costco") is, and at all relevant times was, a foreign corporation doing business in Nevada as COSTCO WHOLESALE # 25.

4. Upon information and belief, Defendant DOE EMPLOYEE ("Defendant Employee" or collectively with Defendant Costco as "Defendants") is, and at all relevant times was, an individual residing in Washoe County, Nevada.

5. Upon information and belief, Defendant Costco owned, operated, maintained, controlled, serviced, managed, occupied, and/or assumed liability of a retail and wholesale business located at 2200 Harvard Way, Reno, Nevada 89502 commonly known as Costco Wholesale # 25 ("Subject Premises"), for the purpose of carrying on a business for profit.

6. Upon information and belief, and at all times relevant, Defendant Employee was an employee/agent of Defendant Costco acting in the course and scope of his employment at the Subject Premises.

7. Plaintiff is informed, believes and thereon alleges that all of the acts, omissions and conduct described below of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and

2

consented to each and every of the said acts and conduct of the aforesaid corporate employees, agents and representatives.

8. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants Does 1 through 10, Roe Corporations 11 through 20 and ABC Limited Liability Companies 21 through 30 ("Does/Roe/ABC Defendants"), inclusive, are unknown to Plaintiff at this time, whom therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

9. On information and belief, Does/Roe/ABC Defendants participated in the design, construction, maintenance, ownership, management, control, operation, care, and/or upkeep of the Premises; Does/Roe/ABC Defendants include, but are not limited to, owners, operators, occupiers, lessees, managers, manufacturers, developers, producers, general contractors, subcontractors, security companies, maintenance companies, material providers, equipment providers, architects, designers, engineers, governmental authorities, insurers, lenders, investors, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, partners and/or successors in interest.

10. On information and belief, Does/Roe/ABC Defendants are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

11. On information and belief, Does/Roe/ABC Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

12. On or about January 3, 2019, Plaintiff was an invitee of the Subject Premises when Defendant Employee, who was operating a forklift (the "Subject Forklift"), collided into Plaintiff with the Subject Forklift, causing her to fall hard to the ground and incur injuries (the "Subject Incident").

13. On information and belief, the Subject Forklift was a hazard that Defendants should have remedied and/or warned of prior to the Subject Incident. Further, the Subject Forklift

was an unmarked hazard that was created by Defendants and/or was a hazardous condition of which Defendants had actual or constructive notice prior to the Subject Incident.

14. On information and belief, the negligent acts or omissions referenced herein were committed by Defendant Costco's agents/employees while in the course and scope of their employment. Under the doctrine of *respondeat superior*, Defendant Costco is liable for such negligent acts or omission.

15. Defendants' acts and omissions were grossly negligent, intentional, willful, wanton, oppressive, malicious, and done with disregard to the rights of the safety of others, including Plaintiff. Further, such actions were ratified and/or directed by an officer, director or managing agent of Defendant Costco.

16. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and will likely be required to obtain additional medical services and treatment.

17. As a further direct and proximate result of the acts and omissions Defendants, and each of them, Plaintiff suffered severe injury and pain and suffering.

18. As a further direct and proximate result of the acts and omissions Defendants, and each of them, Plaintiff suffered loss of income and lost earning potential.

19. Plaintiff has been damaged by the acts and omissions of Defendants, in an amount in excess of $15,000.00.

20. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff has had to retain the services of the law offices of Nettles | Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIRST CAUSE OF ACTION

**(Negligence/Res Ipsa Loquitur against All Defendants)**

21. Plaintiffs incorporate by reference each and every allegation previously made in this Complaint as if fully set forth herein.

4

22. At all relevant times, Defendants, and each of them, owed non-delegable duties of care to Plaintiff to maintain the Subject Premises in a reasonably safe condition and free of hazards.

23. Defendants, and each of them, also owed a non-delegable duty of care to remedy and/or warn Plaintiff of the existence of dangerous conditions, such as the Subject Forklift.

24. On information and belief, Defendants, and each of them, employees breached the non-delegable duties it owed to Plaintiff by creating and/or knowingly and/or negligently allowing a hazardous condition, the Subject Forklift, to exist at the Subject Premises at the time of the Subject Incident, and by consciously, deliberately, and/or negligently failing to take any measure to inspect for, remedy, and/or to warn of the presence of the Subject Forklift, resulting in the Subject Incident.

25. The Subject Incident is the kind of incident that does not normally occur in the absence of negligence.

26. The Subject Incident was caused by the Subject Forklift, an agency or instrumentality within the exclusive control of Defendants, and each of them.

27. Defendants, and each of them, have superior knowledge of, or are in a better position to explain, the Subject Incident than is Plaintiff.

28. Plaintiff allege that the Subject Incident is inexplicable without negligence and that the doctrine of Res Ipsa Loquitur requires a finding of breach of a duty owed by Defendants, and each of them.

29. Breach of the aforementioned duties by Defendants, and each of them, were the legal and proximate cause of Plaintiff's damages

30. Plaintiff has been damaged as described above by the acts and omissions of Defendants, in an amount in excess of $15,000.00.

## SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Retention, and Supervision against Defendant Costco)**

31. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

32. On information and belief, Defendant Costco entrusted the Subject Forklift to Defendant Employee, an inexperienced and/or unfit operator.

33. Defendant Costco owed Plaintiff a non-delegable duty to exercise due care in the selection of whom it entrusted to operate the Subject Forklift.

34. Defendant Costco breached that duty by entrusting the Subject Forklift to Defendant Employee, resulting in the Subject Incident and injuries to Plaintiff.

35. Defendant Costco's negligent entrustment of the Subject Forklift was an actual and proximate cause of Plaintiff's injuries.

36. Plaintiff has been damaged as described above by the acts and omissions of Defendants, in an amount in excess of $15,000.00.

## THIRD CAUSE OF ACTION

**(Negligent Hiring, Training, Retention, and Supervision against Defendant Costco)**

37. Plaintiffs incorporate by reference each and every allegation previously made in this Complaint as if fully set forth herein.

38. Defendant Costco owed a non-delegable duty to Plaintiff to exercise due care in the selection, training, oversight, direction, retention, and control of its employees/agents, including Defendant Employee.

39. Defendant Costco breached its non-delegable duty to Plaintiff by failing to properly select, train, oversee, direct, retain, and control Defendant Employee, an unfit and/or inexperienced operator.

40. Plaintiff has been damaged as described above by the acts and omissions of Defendants, in an amount in excess of $15,000.00.

///

///

///

6

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For damages in a sum in excess of $15,000.00 for medical expenses, pain and suffering, and lost wages/lost earning capacity;
2. For punitive damages;
3. For interest as permitted by law;
4. For reasonable attorney's fees and costs of suit; and
5. For such other and further relief as the Court deems just and proper.

DATED this 29th day of December, 2020.

NETTLES | MORRIS

/s/ Victoria R Allen
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

7

# Exhibit "2"

# Exhibit "2"

 **CT Corporation**

**Service of Process Transmittal**
12/30/2020
CT Log Number 538820487

TO: Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

RE: **Process Served in Nevada**

FOR: Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LESLIE ANNE MAKO, etc., Pltf. vs. COSTCO WHOLESALE CORPORATION, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV2002105 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/30/2020 at 01:04 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/30/2020, Expected Purge Date: 01/14/2021<br><br>Image SOP<br><br>Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com<br><br>Email Notification,  Zois Johnston  zjohnston@costco.com<br><br>Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / SS

# Exhibit "3"

# Exhibit "3"

## DECLARATION OF MICHAEL E. SULLIVAN IN SUPPORT OF COSTCO WHOLESALE, INC.'S PETITION FOR REMOVAL

I, MICHAEL E. SULLIVAN, hereby declare and say under penalty of perjury as follows:

1. I am an attorney at law licensed to practice in the State of Nevada and represent the Defendant Costco Wholesale, Inc. ("Costco").

2. I make the instant declaration in support of Defendant Costco's Petition for Removal.

3. Plaintiff sought unspecified damages in her Complaint for her alleged injury. However, I spoke with Plaintiff's counsel who confirmed that she believed Plaintiff's medical bills were in excess of $75,000. I was told Plaintiff was seeking unspecified damages for lost wages and pain and suffering in excess of $75,000. Thus, according to Plaintiff, the alleged value of her damages exceeds $75,000, exclusive of costs and interest.

4. Attached as **Exhibit "4"** is a true and correct color copy of Plaintiff's foot that was injured in the accident.

DATED this 19th day of January, 2021.

MICHAEL E. SULLIVAN

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

# Exhibit "4"

# Exhibit "4"

